**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **ANTHONY ROLON,** ) | |
| **Petitioner,** ) | |
| ) | **Civil Action No. 04-10532-GAO** |
| **v.** ) | |
| ) | |
| **LUIS SPENCER,** ) | |
| **Respondent.** ) | |
| ) | |

**ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS**

Pursuant to Rule 5 of the Rules Governing Section 2254 cases, the respondent, Luis

Spencer, by and through his counsel, the Attorney General of the Commonwealth of

Massachusetts, hereby answers the Petition for Writ of Habeas Corpus (the "Petition") as

follows:

1.    The respondent admits the factual allegation contained in paragraph 1 of the

Petition.

2.    The respondent admits the factual allegation contained in paragraph 2 of the

Petition.

3.    The respondent admits the factual allegation in contained in paragraph 3.  Further

answering, the respondent states, on information and belief, that the petitioner was also sentenced

to committed, concurrent state prison terms of four-to-five years for both assault and battery with

a dangerous weapon convictions; a committed, concurrent ten-to-fifteen year sentence for armed

assault in a dwelling; and a committed, concurrent ten-to-fifteen year sentence for his armed

burglary conviction.  Further answering, based on information and belief, the petitioner's

2

conviction for armed home invasion was placed on file.[1]

4.      The respondent admits the factual allegations contained in paragraph 4 of the Petition.

5.      The respondent admits the factual allegation contained in paragraph 5 of the Petition.

6.      The respondent admits, on information and belief, the factual allegation contained in paragraph 6 of the petition.

7.      The respondent admits, on information and belief, the factual allegation contained in paragraph 7 of the Petition.

8.      The respondent admits the factual allegation contained in paragraph 8 of the Petition.

9(a)-(c). The respondent admits the factual allegations contained in subparagraphs 9(a)-(c) of the Petition.  To the extent the petitioner claims to have alleged violations of federal constitutional law in the Supreme Judicial Court in subparagraph 9(d), the respondent denies the allegations.  Subparagraphs 9(e) and 9(f) were left blank by the petitioner and therefore require no response.

10.     The respondent admits, on information and belief, the factual allegations contained in paragraph 10 of the Petition.

11.     Paragraph 11 was left blank by the petitioner and therefore requires no response.

---

[1]  "It has long been the practice in this Commonwealth that a judge, after a plea of guilty or a conviction may order that the conviction be placed on file." *Commonwealth v. Delgado*, 367 Mass. 432, 437-438, 326 N.E.2d 716, 719 (1975).  The effect of placing a conviction or guilty plea on file is that no appeal may be taken because the judgment is not complete in a criminal case until a sentence is imposed.  *Id.*

3

12.     The respondent states that paragraph 12 of the Petition contains legal argument and conclusions to which no response is required.  To the extent that paragraph 12 contains allegations of fact that do not comport with the Supreme Judicial Court's findings of fact, they are denied.

13.     Paragraph 13 was left blank by the petitioner and therefore requires no response.

14.     The respondent admits, on information and belief, the factual allegations contained in paragraph 14 of the Petition.

15(a).   Subparagraph 15(a) was left blank by the petitioner and therefore requires no response.

15(b)-(e). The respondent admits, on information and belief, the factual allegations contained in subparagraphs 15(b)-(e) of the petition.

15(f)-(g).  These subparagraphs were left blank by the petitioner and therefore require no response.

16.     The respondent admits, on information and belief, the factual allegations contained in paragraph 16 of the Petition.

17.     The respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Petition for Writ of Habeas Corpus and calls upon the petitioner to prove same.

**First Affirmative Defense**

The Petition should be denied because it fails to state a claim upon which habeas corpus relief can be granted.

4

### Second Affirmative Defense

The Petition should be denied because the state-court adjudication of the petitioner's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly-established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1).

### Third Affirmative Defense

The Petition should be denied because the state-court adjudication of the petitioner's claims did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceedings. *See* 28 U.S.C. § 2254(d)(2).

### Fourth Affirmative Defense

The Petition should be denied because the petitioner cannot rebut the presumption of correctness accorded to the state court's factual determinations underlying his purportedly federal constitutional claims. *See* 28 U.S.C. § 2254(e)(1).

### Fifth Affirmative Defense

The Petition should be denied to the extent the petitioner's grounds for relief are premised solely on matters of state law.

### Sixth Affirmative Defense

The Petition should be denied if and to the extent that the relief sought would create or apply a new rule of constitutional law that cannot be applied retroactively on collateral review.

### Seventh Affirmative Defense

The Petition should be denied if and to the extent that the decision of the state court below rests on a state law ground that is both independent of the federal questions the petitioner

5

presents here and adequate to support the judgment.

### Eighth Affirmative Defense

The respondent respectfully reserves the right to amend or supplement this Answer in the future should the need arise.

### Ninth Affirmative Defense

The respondent respectfully requests that the Court dismiss the Petition to the extent the claims contained within it are unexhausted.

### Supplemental Rule 5 Materials

In accordance with Rule 5 of the Habeas Rules, the respondent states that, based on his preliminary review, the Petition appears to be timely filed, 28 U.S.C. § 2244(d). Further, the petitioner appears to have sufficiently exhausted his state-court remedies before filing his petition. 28 U.S.C. § 2254(b). A list of available transcripts is contained in Respondent's Supplemental Answer, which is filed with this Answer.

**WHEREFORE,** the respondent respectfully requests that the Petition for a Writ of Habeas Corpus be denied.

Respectfully submitted,

THOMAS F. RILEY
Attorney General

/s/ Daniel I. Smulow
Daniel I. Smulow, BBO No. 641668
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext. 2949

6

Dated: December 8, 2004

## Certificate of Service

I, Daniel I. Smulow, hereby certify that on December 8, 2004, I served a true copy of this document by first class mail to: Anthony Rolon, W-62684, M.C.I. - Norfolk, 2 Clark Street, P.O. Box 43, Norfolk, MA 02056-0043.

/s/ Daniel I. Smulow

## Notice of Filing with Clerk's Office

Notice is hereby given that the Respondents' Supplemental Answer has been manually filed with the Court and is available in paper form only.

/s/ Daniel I. Smulow

Dated: December 8, 2004