UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY ROLON,  )<br>     Petitioner,  )<br>                          )<br> v.                          )<br>                          )<br> LUIS SPENCER,        )<br>     Respondent.  )<br>                          ) | Civil Action No. 04-10532-GAO |

RESPONDENT'S OPPOSITION TO
PETITIONER'S MOTION TO STAY HABEAS PROCEEDINGS

The respondent hereby opposes the petitioner's motion to stay his federal habeas corpus

petition.  As grounds, the respondent states that under the circumstances of this case, and

pursuant to *Rhines v. Weber*, 544 U.S. ___, 125 S. Ct. 1528 (2005), granting a stay would

constitute an abuse of this Court's discretion.

PRIOR PROCEEDINGS

On May 19, 1997, a Bristol Superior Court jury convicted the petitioner of first-degree

murder (Mass. Gen. Laws ch. 265, § 1), armed assault in a dwelling (Mass. Gen. Laws ch. 265,

§ 18C), armed robbery (Mass. Gen. Laws ch. 265, § 18), and two counts of assault and battery

with a dangerous weapon (Mass. Gen. Laws ch. 265, § 15B).  Habe. Pet. ¶¶ 1, 4; Answer, ¶¶ 1, 3.

The Supreme Judicial Court affirmed his convictions on March 13, 2003.  *See Commonwealth v.*

*Rolon*, 438 Mass. 808, 784 N.E.2d 1092 (2003)

The petitioner filed for habeas corpus review in this Court on March 12, 2004.  The Court

entered a service order on the respondent on November 8, 2004 and the respondent answered the

petition on December 8, 2004.  *See* Docket, *Rolon v. Spencer*, No. 04-10532-GAO.

2

In a motion dated April 8, 2005, the petitioner moved this Court to stay the proceedings so that he might return to the state courts to exhaust additional claims not previously raised there and not raised in his habeas petition.

**DISCUSSION**

"Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings.  It also undermines AEDPA's goals of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Rhines v. Weber*, 544 U.S. ___, 125 S. Ct. 1528, 1534 (2005).  Thus, "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 1535.

In this case, the petitioner has failed to give any indication whatsoever as to why there is good cause to stay these proceedings.  Indeed, both his motion and his affidavit are conspicuously silent as to why he failed to raise these claims during the nearly eight-years since he was convicted.   Further, each of the claims he intends to bring; ineffective assistance of counsel and failure of the state courts to follow the precedent of *Commonwealth v. Woodward*, 427 Mass. 659, 694 N.E.2d 1277 (1998), have been available to him at least since *Woodward* was decided in 1998.[1]  In short, there is no good cause to stay this petition, and doing so would constitute an abuse of this Court's discretion.  *See Rhines*, 125 S. Ct. at 1535.

---

[1] It bears noting that the petitioner was convicted of his crimes before the Supreme Judicial Court handed down its opinion in *Woodward*.  A district court "would abuse its discretion if it were to grant . . . a stay when . . . unexhausted claims are plainly meritless." *Rhines*, 125 S. Ct. at 1535 (citing 28 U.S.C. § 2254(b)(2)).

3

WHEREFORE, the respondent urges the Court to deny the petitioner's motion or order

him to voluntarily dismiss this petition and bring a new petition[2] after he has exhausted all of the

claims he intends to bring before the Court.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

/s/ Daniel I. Smulow
Daniel I. Smulow
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext. 2949
BBO No. 641668

Dated: April 22, 2005

### Certificate of Compliance with Local Rule 7.1(A)(2)

I, Daniel I. Smulow, hereby certify that I am unable to consult with Mr. Rolon because he
is presently incarcerated.

/s/ Daniel I. Smulow

### Certificate of Service

I, Daniel I. Smulow, hereby certify that a true copy of the above document was served on
Anthony Rolon, M.C.I. - Norfolk, P.O. Box 43, Norfolk, MA 02056, by first class mail, postage
prepaid, on April 22, 2005.

/s/ Daniel I. Smulow

---

[2] The petitioner's conviction became final on June 11, 2003, *i.e.* ninety days after the
Supreme Judicial Court affirmed his convictions. *See Neverson v. Farquharson*, 366 F.3d 32, 36
(1st Cir. 2004) (citing *Clay v. United States*, 537 U.S. 522, 527 (2003)). Consequently, were this
Court to dismiss the petition, the petitioner could promptly file a new trial motion in the state
court to exhaust these claims and still have time to return to this Court to file a new petition
raising all of his exhausted claims. 28 U.S.C. §§ 2244(d)(1)-(2).