UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Rolon v. Spencer,                    No. 04-10532-GAO

AFFIDAVIT IN SUPPORT OF MOTION
FOR STAY AND ABEYANCE, OR, IN THE
ALTERNATIVE, DISMISSAL WITHOUT PREJUEICE

I , Anthony Rolon, do hereby depose and state the following to be true:

1. I am the petitioner in the above-captioned Habeas Corpus matter.

2. On or about September 5, 2005, I finished preparing a Rule 30 Memorandum to be submitted by an attorney with a motion for new trial under M.R.Crim.P. 30(a) (on the Juvenile jurisdictional issue) and Rule 30 (b) on the uneshausted trial errors.

3. Since that time I have been in the process of trying to obtain and hire an attorney to represent me in this endeavor.

4. I believe that Janet Pumphrey of Lenox, Mass. will be representing me for the Rule 30 and that it will be submitted within the next 2 months.

5. The unexhausted issues are as follows:

   a. The defendant was denied the effective assistance of counsel who failed to investigate the defendant's juvenile status and why he was not charged with murder by reason of delinquency.

   b. The defendant was under the care and protection of the New Bedford JUVENILE Court at the time of his arrest, where no transfer hearing was held for the 17-year-old defendant, who was on probation from the juvenile court, the Superior Court had no jurisdiction to try him for murder, or any other offense.

Rolon v. Spencer,            Aff-Stay                        -2-

    c.   The defendant was denied the effective assistance of counsel on direct appeal, who failed to raise [objected to] issues raised herein which were fundamental to an effective and accurate direct appeal review.

    d.   The prosecutor's closing arguments using the "manpower" phrase were based on "facts not in evidence" and therefore prejudiced the defendant who could not confront the accusation made by the prosecutor.

    e.   The trial Court, Hely, J., by repeating the phrase "manpower" in the jury instructions on joint venture [assistance element] gave a favorable impression to the prosecutor's closing argument, this shifting the burden of proof to the defendant.

    f.   The trial Court, Hely, J., jury instructions on joint venture improperly reduced the Commonwealth's burden of persuasion, which created a miscarriage of justice.

6.  In the interests of judicial economy, I would request the Court to keep my petition in the District Court and issue a stay so I can go back and exhaust the 6 issues listed above. Otherwise I request the Court to only dismiss the petition without prejueice.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS FOURTEENTH DAY OF SEPTEMBER, TWO THOUSAND AND FIVE.

/s/ *[signature]*
Anthony Rolon, Pro Se
Box 43,
Norfolk, MA 02056