UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY ROLON,          )<br>)<br>       Petitioner,        )<br>)<br>v.                          )<br>)<br>LUIS SPENCER,          )<br>)<br>       Respondent.     )  | Civil Action 04-CV-10532-GAO |

MEMORANDUM AND ORDER
ON PETITIONER'S RENEWED MOTION TO STAY

      Petitioner has filed a renewed Motion to Stay or in the Alternative to Dismiss His Petitioner Without Prejudice (Docket #16). For the reasons set forth below the Court DENIES the Motion.

      Congress has established a one year statute of limitations governing habeas petitions. 28 U.S.C. § 2254. Certain periods do not count toward the one year, such as the ninety days to seek certiorari from the Supreme Court under 28 U.S.C. § 2101(d), as well as the period during which a state habeas petition is pending under 28 U.S.C. § 2244(d)(2). Notably, the period during which a habeas petition is pending in federal court does count toward the one year. Duncan v. Walker, 533 U.S. 167, 172 (2001).

      The Massachusetts Supreme Judicial Court affirmed petitioner's state court convictions on March 13, 2003. On March 12, 2004, Petitioner filed a three count petition in this court for writ of habeas corpus under 28 U.S.C. § 2254 (Docket #2). Petitioner originally sought a stay so that he could exhaust two new claims in state court; these two new claims do not appear in his

presently pending petition in this court. On August 24, 2005, Judge O'Toole denied the motion to stay. Electronic Order dated 8/24/2005. Thereafter, pursuant to a referral from Judge O'Toole, the Court ordered Petitioner to file his brief on the merits by October 11, 2005. Petitioner failed to file such a brief; he did, however, file a renewed motion to stay this time seeking in the alternative dismissal without prejudice.

The Motion to Stay is denied. On the record before the Court, dismissal, even without prejudice, would appear to render a future habeas petition filed by petitioner untimely even as to the claims contained in the present petition. Hence, the request for dismissal without prejudice is denied as well.

Petitioner is hereby ORDERED to file his brief on the merits by **December 1, 2005**. Petitioner's failure a second time to file his brief may result in a dismissal of this action. The Respondent's brief is due thirty days after the filing of the Petitioner's brief.

/s/ Leo T. Sorokin
LEO T. SOROKIN
UNITED STATES MAGISTRATE JUDGE

Date: November 1, 2005