FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Anthony Rolon, Petitioner,

2006 SEP 22  P 3: 21

v.

U.S. DISTRICT COURT
DISTRICT OF MASS

Luis Spencer, Respondent               No. 04-10532-GAO

### PETITIONER'S **OBJECTION** TO MAGISTRATE'S REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION TO DISMISS

#### Statement Of The Case/Prior Proceedings

The petitioner, Anthony Rolon, was convicted in the Superior Court of Bristol County in May 1997. The Supreme Judicial Court finalized his conviction March 13, 2003. **Commonwealth v. Rolon**, 438 Mass. 808 (2003)

One day before the deadline, petitioner filed a "place-holder" petition on March 12, 2004, simply listing the issues raised in the Supreme Judicial Court. On December 30, 2005, Respondent filed his Motion To Dismiss, which is the subject of the Magistrate's Recommendation.

On November 29, 2005, the petitioner, in response to the Magistrate's Order of November 1, 2005, filed a Brief On The Merits. On September 12, 2006, petitioner was mailed the Magistrate's Recommendation. He now objects to it.

Rolon v. Spencer,              Opp-MTD                -2-

### Facts Of The Case

The facts of the case, in the light most favorable
to the Commonwealth, are contained in the Respondent's
Memorandum Of Law In Support Of The Motion To Dismiss, and
in **Rolon**, supra.

### Legal Arguments

The Court, Sorokin, M.J., did not inform the petitioner
he would have to object within 10 days and that failure to
file any objection within the specified time waives the
right to appeal the order. **U.S. v. Escoboza-Vega,** 678 F.2d
376, 378-79 (CA 1 1982); **U.S. v. Valencia-Copete**, 792 F.2d
4, 6 (CA 1 1986)  This is more than just deference to the
State.  It is prejudicial and a denial of Due Process.

Secondly, the petitioner did not consent to a Magistrate.
**Farmer v. Litscher**, 303 F.3d 840 (CA 7 2002); **28 USC §636
(b)(1)(B)** provides that a District Court Judge may designate
a Magistrate to...submit to the Judge proposed findings of
fact and recommendations for the disposition, by a Judge of
the Court. **Porter v. Nussle**, 534 US 516 (2002)

Rolon v. Spencer,          Opp-MTD          -3-

Thirdly, the petitioner has not exhausted his Federal claims in the State Court, (where his appellate attorney was "ineffective" in this regard)[PETITIONER'S BRIEF ON THE MERITS] under the US Supreme Court, **Rhines v. Weber**, ---US---, 125 S.Ct. 1528 (2005), and other various Federal Circuits, including but not limited to **Kilburn v. Maloney**, 164 F.Supp. 2d 117 (D.Mass. 2001); **Carmichael v. Warden, Maine State Prison**, 370 F.Supp. 2d. 347 (D. Maine 2005); **Dykens v. Allen**, 379 F.Supp. 2d. 71 (D. Mass. 2005); **Gomez v. Dretke**, 422 F.3d 264 (Ca 5 2005); **Akins v. Kenney**, 410 F.3d 451 (CA 8 2005); **Cassett v. Stewart**, 406 F.3d 614 (CA 9 2005); **U.S. v. Prows**, 448 F.3d 1223 (CA 10 2006), where the standards are the same:

1) Whether there is good cause for the petitioner to file a M.R.Crim.P. 30 motion in the State Court;

2) If it is plainly meritless;

3) Whether the petitioner has engaged in intentional dilatory tactics.

**Id.**, **Carmichael**, Woodcock, D.J.

This is a capital case, and while the petitioner is [apparently] entitled to no deference from the Court, the Equal Protection Clause of the 5th and 14th Amendments supports him being treated fairly. He should not forever lose

Rolon v. Spencer,          Opp-MTD              -4-


the right to Federal review. **Rhines**, supra, 1534. **Rose v. Lundy**, 455 US 509 (1982)

It is apparent the State has conceded that the unwary pro se petitioner, based on the fact his attorney would not proceed on to Federal Court after the direct appeal, was "trapped" into [unknowingly] filing the same issues filed in the SJC, without Federalizing the direct appeal, which was a violation of **Picard v. Connor**, 404 US 270, 276-77 (1971) and now the Magistrate would do likewise. Despite the Magistrate's mission to get the petitioner [out of the District Court at any cost], to not allow the stay, or a dismissal without prejudice with a corresponding time limit after State exhaustion to return to Federal Court, the prejudice descends upon the petitioner as he would be forced, at some point, to file a SECOND SUCCESSIVE PETITION, which is nearly insurmountable. 28 USC §2244(b)(3)(2000)

If allowed to return to the State Court to file a Rule 30, petitioner would raise the following issues:

1.    The petitioner was denied the effective assistance of
      counsel at both trial and on direct appeal, who failed
      to investigate petitioner's juvenile status, and

Rolon v. Spencer,            Opp-MTD                -5-

why he was not allowed Murder By Reason of Delinquency
In the Juvenile Court. [His D.O.B. was 5/25/78] And,
he was being supervised by the Juvenile Court on a
juvenile probation at the time of the killing.

2.  No transfer hearing was held for the petitioner, which
    was the law in effect at the time of the killing.
    G.L. c. 119 §61  This was a violation of the petitioner's
    Due Process rights.

3.  The Prosecutor's closing argument using the "manpower"
    phrase as "facts not in evidence" violated Federal Law
    under the 6th Amendment's Confrontation Clause.

4.  The Trial Court, Hely's J. instructions to the jury
    gave a favorable impression to the Prosecutor's closing
    arguments, thereby shifting the burden from the State
    to the petitioner and the jury instructions on joint
    venture shifted the burden of persuasion from the
    Commonwealth to the defendant in violation of Federal
    Law since 1970)

5.  After the Trial Court reduced the petitioner's verdict
    under M.R.Crim.P. 25(b)(2) and G.L. c. 278 §11, the
    Supreme Judicial Court violated Federal Law by "raising"
    the verdict.  This violated the Supremacy Clause of
    the United States Constitution.  The Court failed to
    apply Stare Decisis without notice and hearing.

It is apparent to the petitioner that he is entitled

to the stay, or dismissal without prejudice to return [within

a specified time].  And he should not have to begin the

journey in the First Circuit Court of Appeals.

### Conclusion

For all of the reasons stated above, the District

Court, O'Toole, D.J., should not accept the Magistrate's

Rolon v. Spencer,              Opp-MTD                    -6-

REPORT AND RECOMMENDATION as good sound law, as the fair
way to handle this case is to allow his motion to Stay, or,
in the alternative, to dismiss without prejudice with time
limit(s) to return.

September 20, 2006            Respectfully submitted,

                              Anthony Rolon, Pro Se
                              Box 43,
                              Norfolk, MA 02056

Certificate Of Service:
I, Anthony Rolon, hereby certify that I mailed a true copy of the above Objection to
Daniel I. Smulow, Assistant Attorney General, One Ashburton Place, Boston, MA 02108,
by first class mail on September 21, 2006, postage prepaid.

                              /s/
                              Anthony Rolon, Pro Se