UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Rolon v. Spencer,                          No. 04-10532-GAO

PETITIONER'S REQUEST FOR
CERTIFICATE OF APPEALABILITY

## Statement Of The Case/Prior Proceedings

According to the petitioner's Docket Sheets and
pleadings, the following transactions have occurred since
the petitioner's conviction. [See: **Commonwealth   v. Rolon**,
438 Mass. 808 (2003)]

On March 12, 2004, petitioner submitted a petition
for a writ of habeas corpus in the District Court, O'Toole,
D.J., presiding.

On December 8, 2004, the Commonwealth, represented by
Assistant Attorney General, Daniel Smulow, filed an Answer
to the petition.

On April 4, 2005, the petitioner requested a Stay
to exhaust State remedies, with an Affidavit In Support
Of Motion For Stay.

Rolon v. Spencer,          COA-Dist. Ct.          -2-

The Commonwealth filed an Opposition on April 22, 2005, claiming meritless issues.

On August 24, 2005, the Court, O'Toole, <u>denied</u> the petitioner's Stay Motion and referred the petitioner's case to Magistrate Leo T. Sorokin for "full pretrial case management."

On November 1, 2005, the petitioner filed a Renewed Motion To Stay (and Abeyance) based on the Federal Mandate to exhaust all state remedies.

On November 29, 2005, the petitioner filed a brief on the merits as to why the writ should issue as his appellate counsel failed to raise <u>any</u> of the Federal claims in the State Court. [Petitioner's Brief, p. 9] And, that any Federal claims were defaulted based on counsel's ineffec-tiveness.

On December 30, 2005, the Respondent-Commonwealth filed a Motion To Dismiss on the merits, thus waiving any claim of procedural error on the failure to exhaust State remedies.

Rolon v. Spencer,          COA-Dist.Ct.          -3-

On September 12, 2006, the Court, Sorokin, M.J., recommended the Court, O'Toole, D.J., <u>allow</u> Respondent's Motion To Dismiss, and in conjunction with the Commonwealth, ignored any procedural defaults committed by the petitioner.

On September 20, 2006, petitioner <u>Objected</u> to the Magistrate's Report and Recommendation.

A week later, the Court, O'Toole, D.J., with no independent assessment of the case, <u>granted</u> the Respondent-Commonwealth's Motion To Dismiss, and, in conjunction with the Commonwealth, did not adjudicate the petitioner's procedural failure to exhaust State remedies.

Statement Of The Facts

See: Magistrate Sorokin's Report and Recommendation On Respondent's Motion To Dismiss Petitioner's Petition For Writ Of Habeas Corpus, pp. 2-4.

ISSUES FOR CERTIFICATE OF APPEALABILITY

1)    Whether the Magistrate and the District Court issued an unreasonable order of dismissal in violation of the US Supreme Court, **Rhines v. Weber**, 544 US 269 (2005)

Rolon v. Spencer,          COA-Dist.Ct.          -4-

2)   Whether the Equal Protection Clause of the 14th
     Amendment required the Court to set a time limit
     on the petitioner's returning to State Court after
     allowing him a dismissal without prejudice so he
     would not be under the stringent requirements of
     28 USC §2244(b)(3)(A).

3)   Whether the Respondent, the Magistrate, and the District
     Court, knowing the petitioner's attorney had denied
     him access to the United States Courts by failing to
     exhaust State remedies, trapped the petitioner by
     reaching the [unexhausted] State claims, two of which
     were based on either a State statute or State Rule
     of Criminal Procedure.

## Cause:

The petitioner's conviction was final March 13, 2003.
The petitioner filed the petition on March 12, 2004.  Because
the petitioner's attorney never told the petitioner he had
only one year to file the petition - It was the Committee
For Public Counsel Services, David Nathanson, who  alerted
the petitioner. (Exhibit A)

The petitioner was told by the Law Clerk in the
inmate law library that he had to raise the same issues
in the Federal Court as that raised on the Supreme Judicial
Court.

Rolon v. Spencer,           COA-Dist.Ct.            -5-

### **Prejudice**:

This is all to <u>trap</u> the petitioner, who, convicted of a capital crime he did not commit, was, for four years unable to obtain counsel to advocate for him.

The Court is obliged to dismiss the claim, without consideration of all the merits of the Federal violations of law when it contained unexhausted claims. **Rose v. Lundy**, 455 US 509 (1982)

And this is what the Court had in mind when it denied the Stay and Abeyance, despite valid reasons to allow it. This is bias - the Commonwealth is not entitled to any special treatment.

Now, if nothing changes, the petitioner must return to State Court.  And if, after presenting the Federal claims to the State Court, he is denied relief, he is subject to file a Successive Petition.  In fact, he <u>could</u> be deemed to have <u>waived</u> the unexhausted Federal claims. **Rose**, 534 [However, Justice Marshall claimed there could

Rolon v. Spencer,          COA-Dist.Ct.          -6-

be no abandonement when the petitioner is not <u>allowed</u>
to proceed with the <u>unexhausted</u> claims.]

It is <u>prejudicial</u> to force the petitioner through the
portals of the First Circuit Court Of Appeals at some later
date [Gatekeeper] when he is <u>entitled</u> under the 5th and 14th
Amendments to a Stay and Abeyance, as in **Kilburn v. Maloney**,
164 F.Supp 2d 113 (D. Mass. 2001)

The Magistrate claimed [and the District Court adopted
the claim] "As the merits of the petition are ripe for review...
I recommend that the Court reject Respondent's Motion To
Dismiss as to this argument."

This is an abuse of discretion.  These so-called merits
are not exhausted, so the Magistrate only received one side
of the petition, the Commonwealth's, under de novo review.
[Report, pp. 6-7] Or, the Magistrate simply mimicked the
Supreme Judicial Court in a one-sided opinion.  That the
Magistrate is a talented writer is of no moment to the
substance if he displayed bias in the adjudication.

Petitioner should be issued COA's on all 3 issues.

Rolon v. Spencer,           COA-Dist.Ct.           -7-

October 11, 2006           Respectfully submitted,

                           Anthony Rolon, Pro Se
                           MCI-Norfolk
                           Box 43,
                           Norfolk, MA 02056



*The Commonwealth of Massachusetts*
*Committee for Public Counsel Services*
*44 Bromfield Street, Boston, MA 02108*

WILLIAM J. LEAHY
CHIEF COUNSEL

TEL: (617) 482-6212
FAX: (617) 988-8495

PATRICIA A. WYNN
DEPUTY CHIEF COUNSEL
PRIVATE COUNSEL DIVISION

ANDREW SILVERMAN
DEPUTY CHIEF COUNSEL
PUBLIC DEFENDER DIVISION

March 8, 2004

Anthony Rolon
MCI Norfolk
P.O. Box 43
Norfolk, MA 02056

Dear Mr. Rolon,

I am following up on your letter dated November 24, 2003. There are two problems with your new witness. You say the witness could have testified that you did not stab the victim. But you were convicted of felony-murder. Therefore, you could still be found guilty of murder even if you can prove that you did not stab the victim.

However, I do not know for sure what this witness will say. I strongly suggest that you obtain the name, address, and phone number of the witness and get back to me. Depending on what the witness is willing to say, CPCS may be willing to look into your case further.

Finally, I remind you that your time for filing a federal habeas corpus petition runs out on or before June 10, 2004. If you have any questions regarding such a petition, feel free to write to me if you like. If you intend to file a state motion for a new trial in order to toll the one year and 90 day deadline for filing a federal habeas corpus petition, I strongly suggest you file a motion under Rule 25 not Rule 30. The motion should allege that the verdict was against the weight of the evidence and that there was insufficient evidence. Also, you should ask the Court not to act on the motion ("stay the proceedings" ) until you can figure out whether you are going to be able to have an attorney represent you on your Rule 25 motion. Good luck to you.

Sincerely,

David Nathanson
Staff Attorney
Criminal Appeals Unit
Private Counsel Division

$\boxed{Ex. \ A}$

cc:    Attorney John Palmer